UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SPATARO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 14-198 RCL |
| | ) |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |

MOTION FOR STAY OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME,
AND MEMORANDUM IN SUPPORT THEREOF

Defendant moves, pursuant to Fed. R. Civ. P. 6(b)(1) and 7 as well as the inherent power of the Court, for stay of proceedings to permit Defendant to locate and process all available responsive records in this Freedom of Information Act ("FOIA") case. In the alternative, Defendant seeks an enlargement of time to file a dispositive motion until January 15, 2015. Plaintiff, a pro se prisoner housed in the Fort Dix Federal Correctional Institution, provides no telephone number at which he can be reached. Accordingly, Defendant has not contacted Plaintiff to determine his position on this motion.[1]

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local

Plaintiff initiated this action seeking all documents in the possession of the Federal Bureau of Investigation ("FBI") relating to Plaintiff. As explained in greater detail below, the FBI is working diligently to identify and gather all responsive records, but it will require additional time to gather responsive records, to process for disclosure those records that are located, and to complete declarations and a supporting memorandum for submission with a motion for summary judgment.[2]

The FBI's Efforts And Need For Additional Time

Since Defendant filed its Answer to Plaintiff's complaint on May 2, 2014, the search for his name in cross-reference files has been completed. It was confirmed that Plaintiff is not the main subject of an investigative file, as noted in Defendant's answer. However, his name was identified in documents within multiple FBI investigative files where he is not named as the main subject.

---

Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. Local Civil Rule 16.3(a) (emphasis added).

[2] Plaintiff asserts that he has an "absolute right of access to the requested information", see Complaint, ¶ 14, which, Defendant asserts, is not accurate, given the various exemptions and/or exclusions available under the FOIA. See 5 U.S.C. § 552.

The search yielded approximately 117 documents (including electronic surveillance materials), which require further review to determine for sure whether they are responsive to Plaintiff's request.  In order to facilitate this review, the files containing these documents have been requested.

These potentially responsive documents were located in five different FBI Field Offices, as well as FBI Headquarters.  FBI's Records Management Division ("RMD") has formally requested that each of these field offices and Headquarters send the files containing the documents to the Work Processing Unit in RMD.[3]  Due to the fact that not all of the documents where Plaintiff's name was mentioned have been received by the FOIA processing unit, it is difficult to project an estimated date of completion or the review and any production.  However, RMD believes the retrieval, review, processing, and production should be completed before December 31, 2014, if no unforeseen circumstances arise.  It is entirely plausible that this process could be completed well in advance of

---

[3] As of earlier this month, RMD was still receiving these files and uploading them into the FOIA processing system as they arrived. It was determined that eight of the 117 serials will not be retrievable because they were in files that were damaged when Tropical Storm Sandy hit the New York area last year.  It was also determined that several of the documents were located in pending files, which will require additional communications with the field offices to determine whether those documents can be processed without adversely affecting the pending investigations.

that date, and for that reason, Defendant is proposing to provide periodic status reports of its processing as well as a rolling release of releasable information (if any) to the Plaintiff until such time as all responsive and producible information is released.

By Order dated May 19, 2014, this Court directed that "[i]f defendant expects to file a dispositive motion herein, it shall do so within thirty days of this date, or such later date as the Court may set upon proper written motion for good cause" see ECF No. 10, a standard which it has met.  Although Defendant does anticipate that such a motion will be in order, additional time will be required to complete that process.

## Conclusion

For these reasons, Defendant asks for a stay in the case of for an enlargement of time to complete the needed dispositive motion. A proposed order accompanies this motion.

    Respectfully submitted,

    RONALD C. MACHEN JR., DC Bar #447889
    United States Attorney
    for the District of Columbia

    DANIEL F. VAN HORN, DC Bar #924092
    Chief, Civil Division

    By: _____ /s/
    W. MARK NEBEKER, DC Bar #396739
    Assistant United States Attorney

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that service of the foregoing Motion For Stay Or, In The Alternative, For An Enlargement Of Time, And Memorandum In Support Thereof, and a proposed Order has been made by mailing copies thereof to:

MICHAEL SPATARO  
Reg. No. 43392-053  
FORT DIX  
FEDERAL CORRECTIONAL INSTITUTION  
Inmate Mail/Parcels  
P.O. BOX 2000  
FORT DIX, NJ  08640-0902

on this 16th day of June, 2014.

                                      /s/  
                              W. MARK NEBEKER, DC Bar #396739  
                              Assistant United States Attorney  
                              555 4th Street, N.W.  
                              Washington, DC  20530  
                              (202) 252-2536  
                              mark.nebeker@usdoj.gov