UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Spataro,

    Plaintiff

V

    Civil Action No. 14-198 RCL
    FOIA ACTION

FBI/DOJ as amended,

    Defendant

MOTION IN OPPOSITION OF DEFENDANT'S REQUEST
FOR STAY, OR ENLARGEMENT OF TIME

The Defendant has moved this court "for stay of proceedings to permit [FBI/DOJ] to locate and process all available responsive records in this Freedom of Information Act ("FOIA") case. In the alternative the defendant asks for "an elargement of time to file a dispositive motion until January 15, 2015."

Plaintiff argues that the Defendant has failed to explain or show the necessity for said additional time and therefore, the request should be denied.

The Defendant represents to this court in it's instant motion, "The FBI'S efforts and need for additional time," (Doc. # 11 pg.02) that their second search for responsive records has indeed produced records, (117 in all) that pertain to Plaintiff and are therefore

-01-



being reviewed, and that other records have been located and have been ordered. However, this does not explain why additional time been ordered. But this does not explain why additional time is needed when the search being discussed was only commenced subsequent FOIA was acknowledged in early August of 2013. Any delay in locating the discussed records thus far acknowledged are totally attributable to the Defendant.

Plaintiff's initial request for records under FOIA was first received by the Plaintiff on or about August 13, 2013. (Doc.01, Exhibit II) Subsequent to that notice, within mere days, Plaintiff was advised by the Defendant, (Doc. 01, Exhibit III) that no records were being provided. Notice additionally explained the appellate process.

Despite the Defendant's deceptive August letter, Id, and this Plaintiff's appeal, and subsequent suit, it was not until this suit was filed that Defendant commenced the instant search that now evidences records obviously not located prior to commencement of this suit.

Plaintiff argues that had the Defendant complied with the law, and focused it's initial search on the records requested, (as apparently has been done now) as opposed to misleading the Plaintiff as is reflected in the August 2013, Id., the requested records could have already been in possession of the Plaintiff. This of course applies only to those records not exempt under FOIA.

This court should view the instant search commenced after this

suit was filed, and the inherent delays, as totally attributable to the Defendant. The delays, clearly attributable only to the Defendant, undermines the purpose of FOIA, the transparency of Government, and unnecessarily burdens this court with unnecessary litigation.

### THE DEFENDANT REQUESTS SHOULD BE DENIED

For the reasons as set forth herein, the Defendants request should be denied in whole or in the alternative, in part.

Respectfully submitted,

_Michael Spataro_
Michael Spataro, pro se

CERTIFICATE OF SERVICE

I, Michael Spataro, do hereby certify that copy of the foregoing motion/pleading was served on the Defendant in this matter by United States Mail, First Class, mailed on June 23, 2014, mailed to:

W. Mark Nebeker,
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530

*Michael Spataro*
By  Michael Spataro